IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 14-0122-WS |
| | ) | |
| RICHARD LEE WATTS, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

The defendant has filed a "supplement to affida[v]it and motion to dismiss" (which the Court construes as a motion to dismiss) and a "motion for absolute innocence." (Docs. 100, 101). By the Court's count, these are the tenth and eleventh *pro se* motions the defendant has filed since he was sentenced to a 24-month term of imprisonment in May 2015 after pleading guilty to a single count of unlawfully possessing ammunition. (Docs. 69, 75, 81, 84, 86, 88, 90, 92, 98).

In both the instant motions, as in many of his previous motions, the defendant complains that the ammunition was placed in his residence by Heather Holston without his knowledge and that both she and his court-appointed counsel knew he was innocent of the crime charged. The Court on at least two occasions has advised the defendant that the proper vehicle for asserting such claims is through a motion to vacate filed pursuant to 28 U.S.C. § 2255. (Docs. 83, 91). The petitioner himself acknowledged that he was contemplating such a motion. (Doc. 86 at 1). Rather than filing such a motion, however, the defendant has persisted in filing motions as to which the Court can offer no relief, the instant motions being the most recent examples.

For the reasons set forth above, the defendant's pending motions are **denied**.[1]

---

[1] It appears to be late for the defendant to pursue a motion to vacate. The Eleventh Circuit affirmed the defendant's sentence (he did not appeal his conviction) in December 2015. (Doc. 79, 80). The defendant therefore had until March 2017 to file a timely motion to vacate. *E.g., Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003) (where a defendant does not petition for writ of certiorari, the deadline under section 2255(f)(1) for filing a motion to vacate

DONE and ORDERED this 19th day of September, 2017.

                                                s/ WILLIAM H. STEELE
                                                UNITED STATES DISTRICT JUDGE

---

is fifteen months after the trial court's entry of judgment). Before this time expired, the Court twice advised the defendant regarding the filing of a motion to vacate. (Docs. 83, 91). He nevertheless elected not to do so. Although there are rare circumstances under which a defendant can file a motion to vacate more than fifteen months after entry of judgment, *see* 28 U.S.C. § 2255(f), none of them appear to apply to the defendant's case. In particular, the defendant's filings reflect that he has been aware of the facts supporting his current complaints for long over a year. (Docs. 75, 81).