**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **Criminal Action No. 1:14-00122-WS-N** |
| ) | |
| **RICHARD LEE WATTS,** ) | |
|     **Defendant.** ) | |

**REPORT AND RECOMMENDATION**

This action is before the Court on the Petition for Relief from Conviction or Sentence pursuant to Alabama Rule of Criminal Procedure 32 (Doc. 111) filed by Defendant Richard Lee Watts, who is proceeding without counsel (*pro se*). The assigned District Judge has referred said petition to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b) and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (5/29/2020 electronic reference).

As was explained to Watts by prior order dated and entered June 10, 2020 (Doc. 113) ("the June 10 Order"), Watts cannot challenge the criminal judgment entered against him in this action under Alabama Rule 32. That rule, like all of the Alabama Rules of Criminal Procedure, applies only in Alabama state courts, and does not apply in federal court. *See* Ala. R. Crim. P. 1.1 ("These rules shall govern the practice and procedure in all criminal proceedings in all courts of the State of Alabama, and political subdivisions thereof, except as otherwise provided by court rule."). Generally, a prisoner must file a motion to alter, amend, or vacate sentence under 28 U.S.C. § 2255 in order to collaterally challenge a federal criminal judgment. *See McCarthan v. Dir. Of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (en banc) ("Since 1948, Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. §

2255 … to collaterally attack the legality of his sentence."). Subject to exceptions that are not apparent at this time, "a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief…" *Id.* (citing 28 U.S.C. § 2255(e)).[1] Accordingly, the undersigned finds that Watts's Alabama Rule 32 petition (Doc. 111) is due to be construed as a motion to alter, amend, or vacate sentence under § 2255 challenging the judgment against him in this criminal case. *See, e.g., Zelaya v. Sec'y, Fla. Dep't of Corr.*, 798 F.3d 1360, 1366 (11th Cir. 2015) ("[W]e hold a pro se prisoner's pleadings to less stringent standards than formal pleadings drafted by lawyers. And we must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute would provide relief." (citation and quotations omitted)).

So recharacterized, this will be Watts's first § 2255 motion in this action. However, "recharacterizing a pleading as a § 2255 motion to vacate is a serious matter, and can often do more harm than good. As the Supreme Court explained in *Castro v. United States*, '[s]uch recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a 'second or successive' (but not upon a first) federal habeas motion.' " *Id.* at 1366–67 (quoting *Castro v. United States*, 540 U.S. 375,

---

[1] Section 2255(e) provides that a federal prisoner may seek collateral relief through a petition for habeas corpus under 28 U.S.C. § 2241 if "he can satisfy the 'saving clause' at the end of that subsection: 'An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.' " *McCarthan*, 851 F.3d at 1081 (quoting 28 U.S.C. § 2255(e)). "A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *Id.* at 1099. Here, nothing in Watts's present petition indicates that a § 2255 motion is "inadequate or ineffective" to test the legality of Watts's sentence.

377 (2003)). Thus, [*Castro*] held that before a federal court may recharacterize a prisoner's pro se pleading as a § 2255 motion, it must notify the prisoner, warn him that the recharacterization will subject any subsequent § 2255 motion to the second or successive motion bar, see 28 U.S.C. § 2255(h), and provide him with an opportunity to withdraw or amend the motion." *Id.* at 1367 (citing *Castro*, 540 U.S. at 383)). *See also Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1206 (11th Cir. 2012) ("The Supreme Court held in *Castro* that when a district court recharacterizes a *pro se* motion as a § 2255 habeas petition, it must: 1) notify the litigant of the pending recharacterization; 2) warn the litigant that the recharacterization will subject any subsequent § 2255 motion to restrictions; and 3) provide the litigant an opportunity to withdraw the motion or amend it to include all available § 2255 claims."). In accordance with *Castro*, the June 10 Order gave notice to Watts that "that the Court intends to treat his Alabama Rule 32 petition (Doc. 111) as his first § 2255 motion in this action[,]" and "that if the Court treats his present Alabama Rule 32 petition (Doc. 111) as a § 2255 motion and denies it on the merits, any subsequent § 2255 motion Watts may wish to bring would be subject to the requirements of 28 U.S.C. § 2255(h)…" (Doc. 113, PageID.454-455).

The June 10 Order further explained that Watts is required to file a § 2255 motion on this Court's form for such motions." (*Id.*, PageID.455 (citing S.D. Ala. CivLR 9(a) ("All persons … moving under 28 U.S.C. § 2255 to challenge a sentence imposed by this Court, must file their … motion with the Clerk using forms available from the Court."); Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."). Accordingly, Watts

was ordered to file a new § 2255 motion on this Court's form by August 21, 2020,[2] and was advised that failure to do so would be construed as a withdrawal of his Alabama Rule 32 petition. (*See* Doc. 113, PageID.455-456; Doc. 114, PageID.457). Watts was provided a form § 2255 motion by the Clerk of Court when mailed the prior orders.

To date, Watts has failed to file a new § 2255 motion on the Court's form as ordered. As such, in accordance with the June 10 Order, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b)(1), and S.D. Ala. GenLR 72(a)(2)(N), the undersigned **RECOMMENDS** that the Court deem Watts's Alabama Rule 32 petition (Doc. 111) as **WITHDRAWN** and accordingly order that it be **TERMINATED** as an active matter.

**DONE** this the 30th day of September 2020.

        */s/ Katherine P. Nelson*
        **KATHERINE P. NELSON**
        **UNITED STATES MAGISTRATE JUDGE**

---

[2] The June 10 Order set an initial deadline of July 8, 2020, for Watts to file a new § 2255 motion. (*See* Doc. 113, PageID.455). However, the June 10 Order was initially sent to Watts at an outdated address and was returned as undeliverable. (*See* Doc. 115). Upon learning of this, the Court entered an order on July 22, 2020, directing the Clerk of Court to mail another copy of the June 10 Order to Watts at his current address in McIntosh, Alabama, and extending the deadline to comply with the June 10 Order to August 21, 2020. (*See* Doc. 114). The orders sent to the McIntosh address have not been returned to the Court as undeliverable.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.